# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| XL INSURANCE AMERICA, INC., CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NOS. PRPNA1700847 AND PRPNA1702387, and UNITED STATES FIRE INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br> v.<br><br>DIAMONDROCK HOSPITALITY COMPANY and DIAMONDROCK FRENCHMAN'S OWNER, INC.,<br><br>      Defendants. | INDEX NO.:<br><br>Date Purchased:<br><br>**SUMMONS**<br><br>Pursuant to CPLR § 503(a), the basis of venue is that Plaintiffs designated New York County. |

-----------------------------------------------------------------x

To: The Above-Named Defendants:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorneys, at the address stated below, an answer to the attached Complaint within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
   September 28, 2018

                SIMPSON THACHER & BARTLETT LLP

              By /S/ Mary Beth Forshaw
                Mary Beth Forshaw
                Lynn K. Neuner

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x
XL INSURANCE AMERICA, INC., CERTAIN
UNDERWRITERS AT LLOYD'S, LONDON : INDEX NO.:
SUBSCRIBING TO POLICY NOS.
PRPNA1700847 AND PRPNA1702387, and
UNITED STATES FIRE INSURANCE : **COMPLAINT FOR DECLARATORY**
COMPANY, : **JUDGMENT**

            Plaintiffs,

                                              : **JURY TRIAL DEMANDED**
             v.

DIAMONDROCK HOSPITALITY COMPANY
and DIAMONDROCK FRENCHMAN'S OWNER, :
INC.,

            Defendants.
------------------------------------------------------------x

## COMPLAINT

Plaintiffs XL Insurance America, Inc. ("XL"), Certain Underwriters at Lloyd's, London Subscribing to Policy Nos. PRPNA1700847 and PRPNA1702387 ("Underwriters"), and United States Fire Insurance Company ("USFIC") (collectively, the "Insurers" or "Plaintiffs") state by way of a Complaint for Declaratory Judgment against Defendants DiamondRock Hospitality Company ("DRH") and DiamondRock Frenchman's Owner, Inc. ("DRFO," together with DRH, the "DiamondRock Defendants" or "Defendants") as follows:

### NATURE OF THE ACTION

1.       The Insurers seek a judgment pursuant to New York Civil Practice Law and Rules ("CPLR") 3001 determining the scope and nature of their rights and obligations under certain excess property insurance policies that they issued to DRH, with regard to alleged property damage and time element losses sustained at Frenchman's Reef and Morning Star Resort (the "Resort"),

by the hurricanes in the amount of over $303 million net of the policies' deductible (the "Claim Submission"). Although the Resort incurred no substantial structural damage, DRH insists that a wholesale demolition and substantial rebuild of several Resort structures is required. DRH has offered only conclusory assertions to support its position.

7. The Insurers engaged in discussions with DRH and DRFO about the scope of the damage at the Resort. In a showing of good faith, several Insurers in the primary and first excess layer of coverage (including certain of the Plaintiff Insurers here) made payment to DRH with respect to the Resort totaling nearly $100 million.

8. The DiamondRock Defendants nevertheless maintained their positions and, on August 13, 2018, filed suit in the USVI in the midst of the parties' negotiations over the appropriate amount of insurance recovery with respect to DRH's claim. Remarkably, Defendants filed their suit even though they have only incurred approximately $15 million in repairing property damage to date, and have already received nearly $100 million from various insurance companies.

9. At the time the USVI suit was commenced, the parties remained millions of dollars apart in their respective repair estimates and DRH had yet to submit its total time element loss.

10. An actual and justiciable controversy exists between the Insurers and the DiamondRock Defendants as to the amount the Insurers owe with respect to DRH's claim.

## PARTIES

11. Plaintiff XL Insurance America, Inc. ("XL") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Stamford, Connecticut. XL issued to DRH its Policy No. US00010841PR17A with a policy period of April 1, 2017 to April 1, 2018 (the "XL Policy").

12. Plaintiffs Certain Underwriters at Lloyd's, London ("Underwriters") are companies engaged in insurance underwriting with their principal place of business in London, England.

19. USFIC is a corporation licensed to issue insurance policies by the State of New York and has conducted business in the State of New York and the County of New York at all relevant times.

20. Venue is proper pursuant to CPLR 503(a) and (c).

21. Venue as it relates specifically to the contractual dispute between XL and DiamondRock is proper pursuant to CPLR 501.

22. Endorsement No. 7 to the XL Policy stipulates that "[i]n the event that any disagreement arises between the Insured and the Company requiring judicial resolution, the Insured and the Company each agree that any suit shall be brought and heard in a court of competent jurisdiction within the State of New York. The Insured and the Company further agree to comply voluntarily with all the requirements necessary to give such court jurisdiction." The parties also agree in the XL Policy that New York law will control the interpretation, application and meaning of the contract.

## GENERAL ALLEGATIONS

### A. The Insurance Policies

23. For the April 1, 2017 to April 1, 2018 policy period, DRH purchased insurance for itself and its subsidiaries, including DRFO, in several layers of insurance. The primary layer policy, which is not at issue in this case, was issued by carriers and London-based syndicates led by Liberty Mutual Fire Insurance Company ("Liberty"), which is not a party to this action. The Liberty policy, with Policy No. YS2-L9L-448931-017, is referred to as the "lead" policy for this policy year and had limits of $25 million on top of DRH's deductible, which varies based on the nature of the loss.

FILED: NEW YORK COUNTY CLERK 09/28/2018 04:47 PM
NYSCEF DOC. NO. 2

INDEX NO. 654822/2018
RECEIVED NYSCEF: 09/28/2018

7

> a) Extra expenses to temporarily continue as nearly normal as practicable the conduct of the Insured's business; and
>
> b) Extra costs of temporarily using property or facilities of the Insured or others,
>
> less any value remaining at the end of the Period of Liability for property obtained in connection with the above.

28. The policies also include Time Element Coverage Extensions, including an Extended Period of Liability for Business Interruption to cover the reduction in sales resulting from:

> 1) the interruption of business as covered by Gross Earnings;
>
> 2) for such additional length of time as would be required with the exercise of due diligence and dispatch to restore the Insured's business to the condition that would have existed had no loss occurred; and
>
> 3) commencing with the date on which the liability of the Company for loss resulting from interruption of business would terminate if this Extension had not been included herein.

**B.     The Resort**

29. Upon information and belief, Frenchman's Reef and Morning Star Resort is an oceanfront resort with 470 rooms and over 30,000 square feet of meeting space located on and alongside a cliff in Estate Bakkeroe, St. Thomas, USVI, and is owned by DRFO.

30. The Frenchman's Reef portion of the Resort consists primarily of the Ocean Tower (242 guestrooms), the Sea Cliff Building (80 guestrooms), the Harbor View Building (60 guestrooms), the Central Plant Building, the Waste Water Treatment Plant, and two parking decks.

31. The Morning Star portion of the Resort consists of five Morning Star Villas, the Morning Star Lobby and Havana Blue Building, Coco Joe's Restaurant Building, and the Morning Star Laundry Building.

required upgrades necessary to bring the building into compliance with the applicable building and energy codes." The Claim Submission also stated that the Ocean Tower was "extensively damaged. . . . Extensive replacement of roofing, the building envelope (including cladding, windows and doors) and interior systems is necessary, including various upgrades required by code."

### D. The Insurers' Response to the Hurricanes

37. Shortly after the hurricanes struck, VeriClaim retained J.S. Held, an independent property damage consulting firm to survey and inspect damages to the Resort. On October 18, 2017, the firm conducted a preliminary inspection, which was carried out over a seven-day period. On April 20, 2018, J.S. Held conducted an inspection of the exterior cladding, and on April 24, 2018, the firm conducted an inspection of the site's structural systems and components.

38. To ensure the accuracy of the damages estimate, VeriClaim retained an independent engineering firm, Engineering Systems Inc. ("ESI") to provide a second opinion. From May 4-8, 2018, ESI conducted its own site inspection of the damaged property. ESI inspected the structural damage to the Resort's Ocean Tower and Harbor View buildings and evaluated the extent of the damage that was caused by the hurricanes.

39. On May 17, 2018, J.S. Held submitted a repair estimate to VeriClaim, which totaled roughly $60 million. The estimate was based on a detailed damage assessment conducted by the inspectors and discussions with local contractors to assist in determining pricing.

40. On May 25, 2018, J.S. Held sent a Code Analysis Report to DRH. Based on its inspections and conversations with the Director of Building Permits at the Department of Planning and National Resources for the USVI, J.S. Held concluded that no code upgrades would be required in the repair of the Resort.

Insurers) for work at the Resort even though Defendants have only incurred approximately $15 million in repairing property damage to date.

46. The parties also have various other adjustment-related disagreements, including but not limited to:

    a) The appropriateness of certain mark-ups in expenses claimed by DRH;

    b) The appropriateness of certain contingency costs claimed by DRH; and

    c) The appropriate length of the period of restoration during which repairs will be made.

### CLAIM FOR DECLARATORY RELIEF

47. Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1 through 46 of this Complaint, inclusive, as though set forth fully herein.

48. An actual and justiciable controversy exists between the Insurers and the DiamondRock Defendants concerning the amount the Insurers owe on DRH's claim with respect to damage to the Resort.

49. This controversy is of sufficient immediacy to justify the Court's issuance of declaratory relief.

50. Plaintiffs seek a judicial determination and declaration as to the amount Plaintiffs owe on DRH's claim.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. That the Court enter a declaratory judgment in favor of the Insurers and against the DiamondRock Defendants, declaring that the Insurers are not obligated to provide coverage to the DiamondRock Defendants in the amount claimed, including but not limited to property damage, personal property and time element losses, and professional fee expenses.

KATTEN MUCHIN ROSENMAN LLP

By _____/s/ Philip A. Nemecek_____
Philip A. Nemecek
Tenley Mochizuki
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800
philip.nemecek@kattenlaw.com
tenley.mochizuki@kattenlaw.com

*Attorneys for Plaintiff Certain Underwriters at Lloyd's, London Subscribing to Policy No. PRPNA1702387*

**NATURE OF JUDICIAL INTERVENTION:** Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion          Relief Sought: _____    Return Date: _____
- ○ Notice of Petition        Relief Sought: _____    Return Date: _____
- ○ Order to Show Cause       Relief Sought: _____    Return Date: _____
- ○ Other Ex Parte Application  Relief Sought: _____
- ○ Poor Person Application
- ● Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | XL Insurance America, Inc.<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Forshaw, Mary Beth<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue, New York, New York 10017<br>+1 (212) 455-2000    mforshaw@stblaw.com | ○ YES<br>● NO |  |
| ☐ | Certain Underwriters at Lloyd's, London Subscribing to Policy No. PRPNA17001<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Forshaw, Mary Beth<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue, New York, New York 10017<br>+1 (212) 455-2000    mforshaw@stblaw.com | ○ YES<br>● NO |  |
| ☐ | United States Fire Insurance Company<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Gallagher, Kristin<br>Kennedys CMK LLP<br>570 Lexington Avenue, 8th Floor, New York, New York 10022<br>+1 (212) 252-0004    Kristin.Gallagher@kennedyscmk.com | ○ YES<br>● NO |  |
| ☐ | Certain Underwriters at Lloyd's, London Subscribing to Policy No. PRPNA17001<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Nemecek, Philip<br>Katten Muchin Rosenman LLP<br>575 Madison Avenue, New York, New York 10022<br>+1 (212) 940-8800    philip.nemecek@kattenlaw.com | ○ YES<br>● NO |  |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: September 28, 2018                                    /S/ Mary Beth Forshaw

                                                             **SIGNATURE**
2335453                                                      Mary Beth Forshaw
**ATTORNEY REGISTRATION NUMBER**                             **PRINT OR TYPE NAME**

Print Form

SUPREME COURT OF THE STATE OF NEW YORK

UCS-840C
3/2011

COUNTY OF New York

--------------------------------------------------x

XL Insurance America, Inc., et. al.

                    Plaintiff(s)/Petitioner(s)

-against-

DiamondRock Hospitality Company, et al.

                  Defendant(s)/Respondent(s)

--------------------------------------------------x

Index No. _____

RJI No. (if any) _____

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- [ ] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)
- [ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)
- [ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only
- [ ] Shareholder derivative actions — without consideration of the monetary threshold
- [ ] Commercial class actions — without consideration of the monetary threshold
- [ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions
- [ ] Internal affairs of business organizations
- [ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters
- [ ] Environmental insurance coverage
- [x] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)
- [ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold
- [ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

> Plaintiffs pray for judgment: (a) That the Court enter a declaratory judgment in favor of the Plaintiffs and against the Defendants, declaring that the Plaintiffs are not obligated to provide coverage to the Defendants in the amount claimed, including but not limited to property damage, personal property and time element losses, and professional fee expenses; (b) A declaration of the rights and obligations of the parties under the property insurance policies; (c) An award of court costs and reasonable attorneys' fees; (d) Such other and further relief as the Court finds just and proper.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

[ empty box ]

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: September 28, 2018

/S/ Mary Beth Forshaw
**SIGNATURE**

Mary Beth Forshaw
**PRINT OR TYPE NAME**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

XL INSURANCE AMERICA, INC., ET AL

INDEX NUMBER: 654822/2018

vs

*Plaintiff*

DIAMONDROCK HOSPITALITY COMPANY and DIAMONDROCK FRENCHMAN'S OWNER, INC.

*Defendant*

## AFFIDAVIT OF SERVICE

State of Maryland }
County of Montgomery } ss.:

The undersigned, being duly sworn, deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the state of Maryland.

That on **10/01/2018** at **3:42 PM** at **2 Bethesda Metro Center, Suite 1400, Bethesda, MD 20814**

deponent served a(n) **Summons and Complaint for Declaratory Judgment, Jury Trial Demand, Request for Judicial Intervention, Request for Judicial Intervention Addendum Commercial Division, Notice of Electronic Filing**

on **Diamondrock Hospitality Company**, a domestic corporation,

by delivering thereat a true copy of each to **William Tennis** personally,

deponent knew said corporation so served to be the corporation described in said documents as said defendant and knew said individual to be **General Counsel** thereof.

Description of Person Served:
Gender : Male
Skin : White
Hair : Lt. Brown
Age : 36 - 50 Yrs.
Height : 5' 4" - 5' 8"
Weight : 131-160 Lbs.
Other :

Sworn to before me this
2nd day of October, 2018

E. Torri Schaffer
NOTARY PUBLIC

E. TORRI SCHAFFER
Notary Public
State of Maryland
Montgomery County
My commission exp. November 28, 2020

Nina Lew

Serving By Irving, Inc. | 233 Broadway, Suite 2201 | New York, NY 10279
New York City Dept. of Consumer Affairs License No. 0761160

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

XL INSURANCE AMERICA, INC., *et al.*,

        Plaintiffs,

-*against*-

DIAMONDROCK HOSPITALITY COMPANY, *et al.*,

        Defendants.

Index No. 654822/2018 E

Hon. Andrea Masley (IAS Part 48)

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel of record:

1. The time for defendants DiamondRock Hospitality Company and DiamondRock Frenchman's Owner, Inc. to answer, move, or otherwise respond to the complaint in the above-captioned action is hereby extended to and including December 14, 2018.

2. Except with respect to the sufficiency of service of the summons and complaint, all defenses are hereby expressly reserved and not waived.

3. This stipulation may be executed in counterparts, each of which shall be deemed an original but all of which constitute one and the same agreement. Facsimile signatures shall have the same force and effect as originals.

Dated: New York, NY
October 24, 2018

**COVINGTON & BURLING LLP**

By: /s/ David Luttinger
David. A. Luttinger Jr.

David A. Luttinger Jr.
620 Eighth Avenue
New York, New York 10018
(212) 841-1000

Matthew J. Schlesinger
Colin P. Watson
850 10th Street, NW
Washington, DC 20001
(202) 662-6000

*Attorneys for Defendants DiamondRock Hospitality Company and DiamondRock Frenchman's Owner, Inc.*

Dated: New York, NY
October 24, 2018

**SIMPSON THACHER & BARTLETT LLP**

By: _____
Mary Beth Forshaw

Mary Beth Forshaw
Lynn K. Neuner
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Plaintiffs XL Insurance America, Inc. and Certain Underwriters at Lloyd's, London Subscribing to Policy No. PRPNA1700847*

**KENNEDYS CMK LLP**

By: /s/ Kristin V. Gallagher
Kristin V. Gallagher

Kristin V. Gallagher
Joanna L. Young
570 Lexington Avenue, 8th Floor
New York, New York 10022
(212) 252-0004

*Attorneys for Plaintiff United States Fire Insurance Company*

**KATTEN MUCHIN ROSEMAN LLP**

By: _____
Philip A. Nemecek

Philip A. Nemecek
Tenley Mochizuki
575 Madison Avenue
New York, New York 10022
(212) 940-8800

*Attorneys for Plaintiff Certain Underwriters at Lloyd's, London Subscribing to Policy No. PRPNA1702387*