UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



XL Insurance America, Inc., *et al.*,

        Plaintiffs,

–v–

DiamondRock Hospitality Co., *et al.*,

        Defendants.

18-CV-10025 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is the motion to dismiss or, in the alternative, stay filed by Defendants DiamondRock Hospitality Co. and DiamondRock Frenchman's Owner, Inc. (collectively "DiamondRock"). For the reasons set forth below, the Court GRANTS the motion and stays this action.

**I.  BACKGROUND**

In September 2017, Hurricanes Irma and Maria severely damaged the Frenchman's Reef and Morning Star Resort ("Frenchman's Reef"), located in the U.S. Virgin Islands. Complaint ("Compl.") ¶ 1, Dkt. No. 17, Ex. A. DiamondRock, the resort's owner, accordingly filed claims with the property's numerous insurers. *Id.* ¶¶ 32-36. Some of those insurers, the plaintiffs in this action, got into a dispute with DiamondRock over several issues that resulted in litigation. Areas of disagreement allegedly include the proper scope of emergency management services and stabilization, the restoration of real and personal property, and the appropriateness of certain expenses and contingency costs, among other things. *Id.* ¶¶ 35, 46. One significant area of contention appears to be over whether the Virgin Islands building codes require extensive repairs and renovations to the resort. *Id.* ¶¶ 40-43.

1

DiamondRock went to court first, suing Plaintiffs, as well as one more insurer, for breach of contract in Virgin Islands Superior Court. *See Diamond Rock Hospitality Co. v. Certain Underwriters at Lloyd's of London Subscribing to Policy Nos. PRPNA1700847 and PRPNA1702387*, 2019 V.I. Super. 29U (2019) [hereinafter *Virgin Islands Decision*]. The Virgin Islands complaint, filed in August of 2018, sought monetary damages and declaratory relief. *Id.* Plaintiffs responded by moving the Virgin Islands court to dismiss the Virgin Islands action, citing the forum selection and choice of law clause in the policy of one of the Plaintiffs, XL Insurance America ("XL"). *See Virgin Islands Decision* at 5. That clause provides:

> In the event that any disagreement arises between the Insured and the Company requiring Judicial resolution, the Insured and the Company each agree that any suit shall be brought and heard in a court of competent jurisdiction within the State of New York. The Insured and the Company further agree to comply voluntarily with all the requirements necessary to give such court jurisdiction . . . .The Insured and the Company further agree that New York law shall control the Interpretation, application and meaning of this contract, whether in suit or otherwise.

Declaration of Mary Beth Forshaw, Dkt. No. 25, Ex. 1 at 75.

In March of 2019, the Virgin Islands Superior Court denied the motion to dismiss. *Virgin Islands Decision* at 12. The court found the forum selection and choice of law clause to be unenforceable due to a Virgin Islands statute, 22 V.I.C. § 820(a), that invalidates such clauses in insurance contracts under certain circumstances. Interpreting the statute and finding those circumstances to be met, the court let the Virgin Islands lawsuit proceed. *Id.* at 7-12. It is now scheduled to go to trial in January of 2020. *See* Dkt. No. 33.

In late September of 2018, Plaintiffs filed this action in New York Supreme Court, seeking a declaratory judgment on the same issues in the Virgin Islands action. Defendants in turn removed the New York action to federal court. Dkt. No. 1. Defendants then filed this motion to dismiss or stay this lawsuit, arguing that this Court should abstain in favor of the

Virgin Islands action. Dkt. No. 15.

## II. DISCUSSION

### A. The Forum Selection Clause

Defendants point to the *Brillhart* abstention doctrine, also known as *Wilton* abstention, to argue that this Court should either dismiss or stay this action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). Plaintiffs counter that as an initial matter, an abstention analysis is inappropriate if there is a valid forum selection clause. Pls.' Mem. of Law in Opp'n to DiamondRock's Mot. to Dismiss or Stay ("Opp."), Dkt. No. 24 at 8. A forum selection clause is presumptively enforceable in federal court if it "was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (quoting *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)). This presumption can only be overcome by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217 (quoting *Phillips*, 494 F.3d at 383-84). In the motion to transfer context, the Supreme Court has counseled that a valid forum selection clause should be given controlling weight unless there are "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). All Plaintiffs argue that the forum selection clause in the XL policy is valid under the above standard and thus requires the litigation to be conducted in New York.

Setting aside that their reasoning would seemingly apply only to XL and not the other Plaintiffs, their argument fails because the presence of a forum selection clause does not preclude abstention, at least in the case of a declaratory judgment action. Contravention of a "strong

3

public policy" can render a forum selection clause "unreasonable or unjust" and therefore invalid. *Martinez*, 740 F.3d at 227-228; *see also id.* at 228 (in searching for strong public policies "we look to federal cases or statutes"). Abstention doctrines—particularly those that derive from a federal statute—would seemingly qualify as a strong public policy. *Cf. id.* at 229 ("[T]he inclusion of a special venue provision in an act of Congress may express a broader federal policy of ensuring access to a federal forum to enforce certain statutory claims.").

Furthermore, even if a forum selection clause is valid, the Supreme Court has acknowledged that it may not be enforced in the face of "extraordinary circumstances." *Atl. Marine*, 571 U.S. at 62. Abstention doctrines are themselves the "few extraordinary and narrow exceptions" to the "virtually unflagging obligation" of federal courts to exercise their jurisdiction. *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). The Court sees no reason why circumstances that are "extraordinary" in the abstention context are not also extraordinary in the forum selection context. And while a court need not find further "exceptional circumstances" when applying some abstention doctrines, such as *Brillhart* (discussed below), this does not mean that the situations in which those doctrines are relevant are not themselves extraordinary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Niagara Mohawk Power Corp.*, 673 F.3d at 100.

Accordingly, the Second Circuit has held that the presence of forum selection and choice of law clauses do not prevent comity abstention "where it is otherwise warranted." *Allstate Life Ins. Co. v. Linter Group, Ltd.*, 994 F.2d 996, 1000 (2d Cir. 1993) (citing concerns of "comity" and judicial economy); *see JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 422 (2d Cir. 2005) ("international comity is a form of abstention"); *see also Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174 (2d Cir. 2018). There is no meaningful

distinction between international comity and *Brillhart* abstention when it comes to forum selection clauses. The rationale of *Allstate* applies to the *Brillhart* abstention doctrine, which is similarly rooted in concerns of comity and judicial economy. *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). And unlike comity abstention, *Brillhart* abstention, as discussed below, comes from a federal statute. *See Wilton*, 515 U.S. at 286-87.

The Court finds abstention analysis particularly appropriate in light of the fact that this is a declaratory judgment action. The Declaratory Judgments Act gives "a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (per curiam). The Court does not see why a forum selection clause completely abrogates this discretion, even when the case for abstention is strong.

Holding that a forum selection clause precludes abstention would mean that parties could effectively contract around federal declaratory judgments policy, as enacted in a federal statute. It would mean that the forum selection clause binds not just the parties but the Court as well. The Supreme Court has explained that the Declaratory Judgments Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952). If such a right does not exist for individual litigants, then presumably they cannot combine to contract it into reality.

The Court thus holds that the forum selection clause does not make abstention inappropriate, at least for a declaratory judgment action. *See also Wilmington Trust, Nat'l Ass'n*

*v. Estate of McClendon*, 287 F. Supp. 3d 353, 363-67 (S.D.N.Y. 2018) (engaging in abstention analysis despite presence of mandatory forum selection clause); *Nat'l Union Fire Ins. Co. v. Turbi de Angustia*, No. 05-cv-2068, 2005 U.S. Dist. LEXIS 18141, at *10 (S.D.N.Y. Aug. 23, 2005) (abstaining in a declaratory judgment action where there was a possibility that a parallel state court proceeding would not enforce a forum selection clause).

Plaintiffs argue that abstaining despite the existence of a forum selection clause would be unfair; that it would promote gamesmanship by encouraging parties resisting forum selection clauses to file first in a different jurisdiction. Opp. at 15-16. But this is not so. Abstention here is only possible because the Virgin Islands Court found the forum selection clause to be unenforceable. It did so under the laws of the jurisdiction where Frenchman's Reef is located. Where neither court in a parallel proceedings situation finds the forum selection clause to be unenforceable, then abstention will be irrelevant. One court will simply dismiss its action in favor of the selected forum. The Court therefore proceeds to the *Brillhart/Wilton* abstention analysis.

**B. The Abstention Analysis**

The *Brillhart* line of cases applies in actions for declaratory judgment if a parallel state (or territorial) court proceeding is addressing the same issues with the same parties. The doctrine is grounded in the permissive language of the Declaratory Judgment Act and is aimed at preventing district courts from "indulging in gratuitous interference." *Wilton*, 515 U.S. at 283, 286-87 (internal brackets and quotation marks omitted). If a district court were to adjudicate such a case, it would "[o]rdinarily . . . be uneconomical as well as vexatious." *Brillhart*, 316 U.S. at 495. Courts in this district have looked at as many as nine factors when considering *Brillhart* abstention including:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding. . . . (5) avoiding duplicative proceedings; ... (6) avoiding forum shopping. . . . (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law....

*TIG Ins. Co. v. Fairchild Corp.*, No. 07-cv-8250, 2008 U.S. Dist. LEXIS 41452, at *6 (S.D.N.Y. May 27, 2008) (quoting *Nat'l Union Fire Ins. Co. v. Warrentech Corp*, No. 00-5007, 2001 U.S. Dist. LEXIS 1900, at *7 (S.D.N.Y. Feb. 27, 2001)). The first four factors derive from the original *Brillhart* decision and factors five and six come from dicta in *Wilton*. *See Nat'l Union Fire Ins. Co. v. Warrentech Corp.*, 2001 U.S. Dist. LEXIS 1900, at *7. The last three come from a different doctrine, *Colorado River* abstention. *Id.* at *8. As *Wilton* held that the *Colorado River* test does not apply to *Brillhart* abstention, the validity of these last factors is on uncertain ground. *Wilton*, 515 U.S. at 286.

Defendants also cite another set of factors, used by the Second Circuit "to guide the exercise of discretion" in declaratory judgement cases:

> (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; . . . (2) whether a judgment would finalize the controversy and offer relief from uncertainty . . . [(3)] whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; [(4)] whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and [(5)] whether there is a better or more effective remedy.

7

*Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003) (per curiam) (internal quotation marks omitted). As is the case with *Brillhart* abstention, these factors are grounded in the permissive language of the Declaratory Judgments Act. *Id.* at 359.

These doctrines counsel abstention in this case. The first five of the factors listed in *TIG* weigh strongly in favor of abstention because the Virgin Islands proceeding addresses the same claims with the same parties. These factors contain the core of the *Brillhart* analysis. The sixth factor, avoiding forum shopping, and ninth factor, choice of law, are not applicable when one party seeks to enforce a forum selection clause but the other chooses the otherwise most natural forum. The seventh factor is effectively a wash. Defendants note that this dispute contains factual and legal issues centered on the Virgin Islands, while the Plaintiffs contend that a number of witnesses are located in New York. The order of filing weighs in favor of abstention, since the Virgin Islands action was filed first.

The *Dow Jones* factors further reinforce that abstention is appropriate. First, a declaratory judgment action has "no useful purpose" when another proceeding will settle the claims at issue. *Amusement Indus. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010). Likewise, the declaratory judgment claim would not offer relief from uncertainty when the same issues are being litigated directly in another proceeding. *See CAMOFI Master LDC v. College P'ship*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006). The third *Dow Jones* factor, avoiding a race to *res judicata*, weighs strongly in favor of abstention in this case. If the "wheels of [Virgin Islands] justice turned more swiftly than those of this Court," then *res judicata* would render litigation in this proceeding meaningless. *Nat'l Union Fire Ins. Co. v. Turbi de Angustia*, No. 05-cv-2068, 2005 U.S. Dist. LEXIS 18141, at *10 (S.D.N.Y. Aug. 23, 2005). Continuing with this action would be "unseemly" and "unnecessarily duplicative" *Id.* at *11. The fourth *Dow*

*Jones* factor also favors abstention because duplicative proceedings deciding the same issues would almost inevitably create friction with the Virgin Islands. Finally, resolution of the underlying claims in a parallel proceeding is a "more effective remedy" than a declaratory judgment. *Amusement Indus.*, 693 F. Supp. 2d at 312.

Weighing these factors, the Court finds that abstention is warranted. This conclusion should come as no surprise. Faced with a parallel state court proceeding addressing the same issues in a declaratory judgment action, the *Wilton* court did not require a lengthy, multifactor analysis to determine that abstention was "clearly support[ed]." 515 U.S. at 283. Many of Plaintiffs' arguments opposing abstention were themselves premised on the Virgin Islands court finding the forum selection clause to be enforceable.

As to the proper remedy, the Court finds that a stay would be more appropriate than an outright dismissal. *See Wilton*, 515 U.S. at 288 n.2 (noting that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, *for any reason*, fails to resolve the matter in controversy") (emphasis added).

### III. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' motion and STAYS this proceeding. When the Virgin Islands proceeding comes to a final resolution, the parties shall immediately notify this Court. Additionally, the parties shall provide the Court updates on the status of the Virgin Islands proceeding every six months, starting from the date of this order.

SO ORDERED.

Dated: September 30, 2019

New York, New York

_/s/ Alison J. Nathan_
ALISON J. NATHAN
United States District Judge